UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BOBBY DOBBINS,

       Plaintiff,

                                     CASE NO. 1:07-cv-545

v.

                                     HON. ROBERT J. JONKER

SARA LEE BAKERY,

       Defendant.
_____/

## OPINION

Plaintiff Bobby Dobbins brings this employment discrimination action against Defendant Sara Lee Bakery under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et. seq. Plaintiff, proceeding pro se, alleges that Defendant terminated his employment on the basis of his race or sex. (Complaint, docket #1, at ¶ 9.) This matter is before the Court on Defendant's Amended Motion for Summary Judgment (docket # 38). After a careful review of the record, the Court considers oral argument in this case unnecessary. *Cf.* W.D. MICH. L. CIV. R. 7.2(d).

## BACKGROUND

**I.      Plaintiff's Employment with Sara Lee Bakery**

Mr. Dobbins began employment at Sara Lee Bakery in June 2002. (Defendant's Brief in Support, docket # 39, Exhibit 7, Dobbins Deposition at 11.) Mr. Dobbins is African-American. On February 24, 2004, Mr. Dobbins was involved in an incident with a Caucasian female coworker, Tammy Wagner. After a brief verbal altercation, Mr. Dobbins and Ms. Wagner physically struggled for control of a bread tray. (Dobbins at 36.) Ms. Wagner complained to her supervisor that Dobbins struck her in the back with the empty tray. (Defendant's Brief in Support, docket # 39, Exhibits 3-

4.) Another Sara Lee employee, Chad Bard, witnessed the incident and substantially confirmed Ms. Wagner's version of the events. (*See id.*, Exhibit 5.)

Later that day, Sara Lee Production Supervisor Chuck Velthouse questioned Mr. Dobbins, Ms. Wagner, and Mr. Bard regarding the incident. (*Id.*, Exhibit 1, Velthouse Affidavit). Mr. Velthouse then discussed the situation with Sara Lee Human Resources Director Maurice Evans. Mr. Evans instructed Mr. Velthouse to suspend Mr. Dobbins because he had violated Rule 8 of his Collective Bargaining Agreement ("CBA"). That rule prohibits union members from engaging in fighting or attempting to do bodily harm to another on Sara Lee premises. (Defendant's Brief in Support, docket # 39, Exhibit 6, Collective Bargaining Agreement.)

The following day, February 25, 2004, Mr. Velthouse again contacted Mr. Evans, this time to determine whether Mr. Dobbins should be terminated rather than simply suspended. The CBA provides that union members are subject to discharge for their first violation of Rule 8. (*Id.*) Mr. Evans then instructed Mr. Velthouse to terminate Mr. Dobbins. Mr. Velthouse terminated Mr. Dobbins via telephone that same day. (Defendant's Brief in Support, docket # 39, Exhibits 6-7.)

Sara Lee rehired Mr. Dobbins in June 2004. (Dobbins at 56-57.) Mr. Dobbins worked a variety of positions in his second tour at Sara Lee. (Dobbins at 10-12.) He was working as a "wire cutter operator" when Sara Lee closed that department in December 2007. (Dobbins at 10.) Mr. Dobbins has not been employed with Sara Lee since that time.

**II.    Procedural History**

On June 7, 2007, Mr. Dobbins filed in this Court a complaint against Sara Lee alleging race and sex discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et. seq. (Complaint, docket # 1.) On January 15, 2009, Defendant Sara Lee moved for summary

judgment.  (Docket # 31.)  This Court initially denied Defendant's motion but later granted Defendant leave to file an amended motion.  (Docket ## 32, 37.) Defendant filed its Amended Motion for Summary Judgment on February 18, 2009.  (Docket # 38.)  On March 9, Plaintiff filed a one-page response opposing Defendant's motion.  (Docket # 40.)  Plaintiff later filed a document entitled "Factual Evidence of Charges of Discrimination (Race/Gender) As Being Main Factors" (docket # 43), which the Court will construe as an additional response to Defendant's motion.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Jones v. Potter*, 488 F.3d 397, 402 (6th Cir. 2007); FED. R. CIV. P. 56.  A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  In considering a motion for summary judgment, the Court must draw all reasonable inferences in favor of the nonmoving party.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The ultimate question is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52.

## ANALYSIS

The Sixth Circuit analyzes Title VII claims under the familiar burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). *See*, *e.g.*, *Wright v. Murray Guard, Inc.*, 455 F.3d 702, 707 (6th Cir. 2006).  Under this framework, plaintiff bears the initial burden of establishing a prima facie case of discrimination.  *Id.*  If plaintiff establishes a prima facie case, defendant may rebut the inference of discrimination by identifying a "legitimate

nondiscriminatory reason" for the complained of employment decision. *Id.* Once defendant has offered such a reason, plaintiff may survive summary judgment only if he or she can show that defendant's proffered reason is pretext for unlawful discrimination. *Id.*

Plaintiff Dobbins fails to present evidence sufficient to survive summary judgment. Plaintiff cannot establish a prima facie case of race or sex discrimination because he fails to identify a similarly-situated employee who was treated differently. *See Wright*, 455 F.3d at 707 (explaining the elements necessary to establish a prima facie case). Plaintiff's claim appears to be premised on the fact that Tammy Wagner, a Caucasian female, was not disciplined for her role in the February 24, 2004 incident. (*See* Complaint, docket # 1, at ¶ 7.) However, Defendant argues that Ms. Wagner is not similarly situated to Plaintiff because she did not intentionally strike another employee. (Defendant's Brief in Support, docket # 39, at 10-11.) Plaintiff presents no evidence of any kind to dispute Defendant's contention. He accuses Ms. Wagner and various Sara Lee employees of lying or forging documents, but he does not directly contradict – by deposition testimony, affidavit, or otherwise – Defendant's assertion that he physically struck Ms. Wagner with a bread tray. At this stage of the case, Plaintiff bears the burden of putting forth "significant probative evidence" in support of his position. *Wright*, 455 F.3d at 706. The record is devoid of any evidence that would allow the Court to conclude that Ms. Wagner and Plaintiff are similarly situated with regard to their respective roles in the February 24 incident. *See Mitchell v. Toledo Hosp.*, 964 F.2d 577, 583 (6th Cir. 1992) (noting that similarly situated employees are employees who "engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it"). Absent such evidence, Plaintiff cannot establish a prima facie case, and Defendant is entitled to summary judgment. *See id.*

Even if Plaintiff could establish a prima facie case of race or sex discrimination, his claim still would fail because he offers no evidence to rebut Defendant's legitimate reason for suspending and discharging him. Defendant asserts that Plaintiff was discharged because he struck another employee in violation of the CBA. (Defendant's Brief in Support, docket # 39, at 13-14.) This is plainly a legitimate reason for terminating an employee, and Plaintiff presents no evidence that this reason either (1) had no basis in fact; (2) did not actually motivate Defendant's decision; or (3) was insufficient to warrant suspension or discharge. *See Seay v. Tenn. Valley Auth.*, 339 F.3d 454, 463 (6th Cir. 2003); *see also Wright*, 455 F.3d at 707-08. Again, Plaintiff's only response to Defendant's properly supported summary judgment motion is to label Ms. Wagner and other Sara Lee employees as "liars." Plaintiff's conclusory allegations are insufficient to create a genuine issue of material fact as to any element in the *McDonnell Douglas* burden-shifting test. *See Mitchell*, 964 F.2d at 585. Consequently, Defendant Sara Lee is entitled to summary judgment.

## CONCLUSION

Defendant Sara Lee's Amended Motion for Summary Judgment (docket # 38) is granted. Plaintiff's claims are dismissed with prejudice.

Dated:   May 12, 2009            /s/ Robert J. Jonker
                                 ROBERT J. JONKER
                                 UNITED STATES DISTRICT JUDGE